UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>JOHN DOE subscriber assigned IP address 24.218.179.49,<br><br>        Defendant. | Civil Action No. 25-11937-JCB |

ORDER ON PLAINTIFF'S <u>EX PARTE</u> MOTION FOR LEAVE TO SERVE
A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE
[Docket No. 6]

July 21, 2025

Boal, M.J.

Plaintiff Strike 3 Holdings, LLC ("Strike 3") has filed a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference. Docket No. 6. For the following reasons, this Court grants the motion.

I.      BACKGROUND

Strike 3 is the owner of adult motion pictures. Complaint at ¶ 2. The motion pictures are registered with the United States Copyright Office. <u>Id.</u> at ¶ 49 and Ex. A. Strike 3 alleges that the defendant, whose identity is currently unknown to Strike 3, infringed on Strike 3's copyrights by downloading Strike 3's motion pictures as well as distributing them to others. <u>Id.</u> at ¶ 4. According to Strike 3, the defendant has been "recorded infringing 51 movies over an extended period of time." <u>Id.</u>

1

Strike 3 alleges that, using its proprietary software VXN Scan and Cross Reference Tool, it discovered that the Doe defendant used the file distribution system known as BitTorrent to illegally download and distribute Strike 3's copyrighted motion pictures. Id. at ¶¶ 27, 33, 35, 43, 44, 47. Strike 3, however, can only identify the defendant by his or her IP address, 24.218.179.49. Id. at ¶ 12. Through geolocation technology, Strike 3 traced defendant's IP address to a physical address in this District. Id. at ¶ 9.

On July 8, 2025, Strike 3 filed the complaint in this action, alleging one claim of direct copyright infringement against the defendant. Id. at ¶¶ 51-56. On July 18, 2025, Strike 3 filed the instant motion asking the court to allow it to serve Comcast Cable ("Comcast"), defendant's Internet Service Provider ("ISP"), with a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. Docket No. 6. Strike 3 states that the subpoena will only demand the true name and address of defendant. Docket No. 7 at 2.

II.    ANALYSIS

Rule 26(d) of the Federal Rules of Civil Procedure provides that: "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The First Circuit has not addressed the proper standard for determining when expedited discovery is appropriate. Nevertheless, courts have allowed such discovery for the purpose of determining the identity of a John Doe Defendant where there is good cause. See McMann v. Doe, 460 F.Supp.2d 259, 265-6 (D. Mass. 2006); see also Breaking Glass Pictures v. Swarm Sharing Hash File SHA1: £973F491D02C1E0220DBC534D8F8EDC15FC53FAEF, C.A. No. 13-10735-PBS, 2013 WL 2407226, at *4 (D. Mass. May 1, 2013).

Strike 3 argues that there is good cause to allow the subpoena to issue because it is the only way to determine the defendant's identity.  See Docket No. 7 at 7-8.  As this Court has noted in other similar cases, however, the assertion that obtaining subscriber information will lead to the Doe defendant is problematic because there is no precise alignment between an IP address and a specific individual.  Rather, the IP address is associated with an internet account, which may have been used by any number of people.  See, e.g., Media Products, Inc. v. Does 1-64, No. 12-30083-MAP, 2013 WL 1092123, at *7 (D. Mass. Feb. 7, 2013) (citation omitted) ("[T]he assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time.").

As a result, the discovery sought by Strike 3 may or may not lead to the individual who actually performed the allegedly infringing acts.  Nevertheless, that information is a start, and it appears to be the only possible start.  Accordingly, this Court grants Strike 3's motion to the extent that it may serve a subpoena on Comcast seeking only the name and address of the subscriber associated with IP address 24.218.179.49.  In cases involving the alleged downloading or distribution of pornography, courts regularly craft procedures to ensure that the internet subscriber can contest the subpoena before his or her personal information is revealed.  See Strike 3 Holdings, LLC v. Doe, No. 22-cv-2731, 2022 WL 1284603, at *2 (S.D.N.Y. Apr. 29, 2022); see also Docket No. 7 at 9 (recognizing such procedures are appropriate in cases involving adult content).  Accordingly, the subpoena will be subject to the procedures set forth below.

III.   ORDER

For the foregoing reasons, this Court grants Strike 3's motion and it is hereby ordered that:

- Strike 3 may immediately serve a third-party subpoena upon Comcast, pursuant to Rule 45 of the Federal Rules of Civil Procedure, requiring Comcast to disclose only the name and address of the subscriber associated with IP address 24.218.179.49.  The subpoena shall have a copy of this order attached.

- Comcast shall have 15 days from the date the subpoena is served upon it to serve the affected internet subscriber with a copy of the subpoena and a copy of this order. Comcast may use any reasonable means to do so, including but not limited to written notice to the subscriber's last known address.

- The internet subscriber shall have 30 days from the date of service of the subpoena upon him or her to file any motion with the Court to contest the subpoena, including any request to litigate the subpoena anonymously.  Comcast shall not produce any subpoenaed information to Strike 3 during this period.

- If this 30-day period lapses without the internet subscriber filing a motion to contest the subpoena, Comcast shall produce to Strike 3 all information necessary to comply with the subpoena within 10 days thereafter.

- Comcast may also move to contest the subpoena, consistent with the requirements of Rule 45.  If it does so, it shall ensure that its filings do not disclose to Strike 3 any identifying information concerning the affected internet subscriber.

- If any motion is filed to contest the subpoena, Comcast shall not produce any subpoenaed information to Strike 3 until the Court has resolved the motion and has ordered Comcast to disclose the information.

- Comcast shall preserve any subpoenaed information pending resolution of any motion to contest the subpoena.

SO ORDERED.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge